# CASES

# SUPREME JUDICIAL COURT,

# COUNTY OF YORK,

ARGUED AT APRIL TERM, 1842.

JOHN SPRING *versus* WILLIAM P. HAINES, Adm'r.

The mortgagor has no right to have a part of the mortgaged premises, under any circumstances, estimated in payment of his debt, with a view to the redemption of the residue.

A foreclosure of a mortgage cannot take place as to one part of the mortgaged premises, and not as to the residue. If the mortgagor has a right to redeem any part, he has a right to redeem the whole.

And so long as the mortgagor is suffered to remain in possession of any part of the mortgaged premises, his right of redemption to the whole will continue.

THIS was a bill in equity to redeem certain real estate, mortgaged by Spring to the late Samuel Parkman of Boston, on whose estate in Maine the defendant is administrator, *de bonis non.*

The hearing was on bill, answer and proof. The principles upon which the bill, which was drawn by the late A. G. Goodwin, was intended to have been supported, as they appeared upon its face, are stated in the opinion of the Court.

The answer alleged that Spring had conveyed to a third person his right to redeem, and therefore he could not redeem;

denied that any right existed to redeem any of the property mortgaged, because entries had been made at different times upon each parcel, and three years had elapsed thereafter without redemption ; and asserted that if the right existed to redeem a portion of the mortgaged premises as alleged in the bill, still that the land to which the title had become absolute in the heirs of Parkman, and the money paid, with the rents and profits of the estate, did not amount to the sum due upon the mortgage ; and that no tender had been made of the balance. An account with the estate was annexed, charging the amount due, and crediting the sums received. From this account it appeared, that the heirs of Parkman had sold and conveyed several tracts of the mortgaged estate, admitted on both sides to have been foreclosed by an entry and possession for three years.

*Bradley* argued for the plaintiff, and on the point on which the decision was based, contended that when the debt is once paid, the mortgage is discharged. The payment may be made in land as well as in money. If the mortgagee chooses to enter upon a part of the several tracts of land included in the mortgage, and continues in possession for three years, the title becomes absolute in him, and he may convey it, and the purchaser becomes seised of an indefeasible estate. In this case many of the parcels of land had been actually conveyed before the filing of this bill. If the mortgagor wishes to redeem, he can only have the remaining estate as to which no foreclosure had taken place. He ought not to be compelled to pay the whole debt, and receive back but a portion of the estate mortgaged. If the mortgagee takes possession of the whole property mortgaged at the same time, then he will have the whole land, or the money for the entire debt. But if he chooses to take possession of but part of the property, and obtains an absolute title to it, he must take it in full payment of the debt, if it be of sufficient value, and if not, in part payment. If this be not correct, then when a large number of tracts of land, lying in three counties in this State, and in an adjoining State, as in the present case, are included in the same mortgage, the mort-

gagee can never safely sell and convey any part of the land, on which he has made an entry and foreclosure by three years possession, until he has ascertained to a certainty, that there has been a legal foreclosure of every parcel. This view of the case is believed to be supported by abundant authorities in New England. Their course of proceeding is so entirely different, that the English and New York decisions are wholly inapplicable. *Dexter* v. *Arnold*, 1 Sumn. 119; *Newall* v. *Wright*, 3 Mass. R. 154; *Amory* v. *Fairbanks*, ib. 562; *Amory* v. *Francis*, 16 Mass. R. 312; *Omaly* v. *Swan*, 3 Mason, 474; *Gordon* v. *Lewis*, 2 Sumn. 155; *West* v. *Chamberlain*, 8 Pick, 338; *Briggs* v. *Richmond*, 10 Mass. R. 396; .  *Hedge* v. *Holmes*, ib. 381.

*Haines, pro se,* contended that the statute of 1821, c. 39, respecting mortgages, contemplated that the whole amount of the debt secured should be paid or tendered, to obtain a reconveyance. The only case in which the land is to be taken by the mortgagee at a valuation is, when he has foreclosed the whole, and brings his suit to recover a balance due to him. The redemption of land mortgaged must be of the entire estate mortgaged, and not of separate parcels. Nothing but actual payment, or tender of payment, of the whole debt secured by the mortgage, will discharge it. The mortgagee cannot be compelled to take a part of the land at the appraisal of men in satisfaction of his debt. And yet such would be the effect of the principle contended for. The mortgage is viewed differently, when relief is sought by the mortgagor and mortgagee. *Saunders* v. *Frost*, 5 Pick. 259; 1 Powell on Mort. Rand's Ed. 336; *Mann* v. *Richardson*, 21 Pick. 359; *Crosby* v. *Chase*, 5 Shepl. 369; 4 Kent, 163; 2 Story's Eq. § 1023, and note; *Batchelder* v. *Robinson*, 6 N. H. R. 12.

The opinion of the Court was by

WHITMAN C. J. — The bill in equity, in this case, sets forth a mortgage by the plaintiff to the defendant's intestate, of sundry parcels of real estate, and that an entry has been made into some of the parcels, and with respect to these, that the

mortgage has been foreclosed by the lapse of time since such entry. The plaintiff claims to have a right to redeem the residue; and to have the parcels, so entered upon, estimated, and to have them accounted for at such estimate, as so much paid towards the debt, to secure which the mortgage was made; and alleges that the amount of such estimate, together with the receipts of the rents and profits of the whole mortgaged premises, and sundry payments otherwise made, are more than sufficient to pay the debt originally due, with interest thereon; and prays, that the other parcels of said premises, in reference to which he avers that the mortgage has not been foreclosed, may be deemed to be restored to him.

It appears to us that the ground relied upon by the plaintiff is wholly untenable. The positions assumed are novel and unprecedented. The cases which he cites are dissimilar to the one here presented. They are cases in which creditors were seeking to recover their debts secured by mortgage. In such cases, if the mortgage had been foreclosed, the creditors were holden to account for the value thereof towards the payment of their debts. But no case is to be found in which the mortgagor has been considered as having a right to have a part of the mortgaged premises, under any circumstances, estimated in payment of his debt, with a view to a redemption of the residue.

Besides, the plaintiff is mistaken in supposing that a foreclosure may take place, as to one part of the mortgaged premises, and not as to the residue. If he has a right to redeem any part he has a right to redeem the whole. So long as the mortgagor is suffered to remain in possession of any part of the mortgaged premises his right of redemption to the whole will continue. A different doctrine would be attended with perplexities, to which the mortgagor is not to be subjected. While the mortgagee might have possession of part of the mortgaged premises, nearly equivalent in value and income to his debt and interest, the mortgagor might well remain quiet, he being left in the possession and enjoyment of the residue. If the mortgagee should, subsequently, before his right of entry

was gone, enter upon the residue the mortgagor could not redeem without paying the whole debt. And if a foreclosure, as supposed in this case, had taken place, as to a part, he must pay the whole debt in order to redeem the residue, and, at the same time, lose the part, as to which there would have been a foreclosure. The law would not sanction such an iniquitous procedure. The plaintiff's bill must therefore be dismissed with costs for the defendant. The conclusion to which we have arrived is fully supported by Cruise, title Mortgage XV, ch. III, § 66 and 67.

*Mem.* — Shepley J. was called upon to give his deposition, to be used in this case, and took no part in the decision.